**NOT FOR PUBLICATION WITHOUT THE
APP ROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3760-15T1

LAMAR ADVERTISING OF
PENN, LLC,

    Plaintiff-Respondent,

v.

TOWNSHIP OF UNION,

    Defendant,

and

TOWNSHIP OF UNION ZONING
BOARD OF ADJUSTMENT,

    Defendant-Appellant.

_____

Argued October 3, 2017 — Decided November 17, 2017

Before Judges Fisher and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Docket No. L-1202-
15.

Robert J. Pansulla argued the cause for
appellant (Finazzo Cossolini O'Leary Meola &
Hager, LLC, attorneys; Mr. Pansulla, of
counsel and on the brief).

David M. Roskos argued the cause for
respondent (Eckert Seamans Cherin & Mellott,
LLC, attorneys; Mr. Roskos, of counsel and on
the brief; Michael R. Butler, on the brief).

PER CURIAM

In an effort to take advantage of new LED technology, plaintiff Lamar Advertising of Penn, LLC, sought to replace its double-sided traditional static billboard, facing Route 78 and a cemetery, with an LED multi-message panel billboard. The Union Township's Zoning Board of Adjustment (Board) determined that the d(1) variance granted to plaintiff for the static billboard in 2003, did not allow for the electronic billboard, and denied a new d(1) variance for the LED billboard. In support of its decision, the Board cited a new Union Township municipal ordinance that prohibited the conversion of existing static billboards to LED billboards, and found that the new billboard negatively impacted traffic and the surrounding area.

Plaintiff filed a complaint in lieu of prerogative writ with the Law Division contending that its billboard conversion did not require an additional d(1) variance, and alternatively, the Board's denial of its variance request was arbitrary and capricious. Assignment Judge Karen M. Cassidy issued an order providing that although a d(1) variance was needed, the Board's denial of plaintiff's d(1) variance request was arbitrary and capricious. We affirm substantially for the reasons stated by the judge in her thorough, twenty-six page written statement of reasons issued with her order. We add only these brief comments.

The Board argues Judge Cassidy overstepped her bounds in allowing plaintiff to change a static billboard to a multi-messaging digital communication system despite recognizing that it was prohibited by Township ordinance, and without finding special reasons for the new billboard's non-conforming use. The Board also maintains that the judge improperly substituted her judgment to grant the variance by disregarding its factual determinations - the LED billboard's impact to residences, the neighboring cemetery and cars on the nearby congested and dangerous stretch of highway — in denying the variance.

We need not set forth the procedural history and the testimony before the Board surrounding this billboard as they are detailed in Judge Cassidy's statement of reasons. We point out, however, that the Board summarily rejected the testimony of plaintiff's three experts stating that the billboard's location was suitable and that the timing and imaging of the new billboard would not negatively impact traffic or the surrounding area, without the presentation of any specific evidence to discredit their opinions. Hence, we agree with Judge Cassidy's reasoning in granting the variance:

> This court has reviewed the complete record of the Board proceedings related to this matter, the parties' submissions to the court, and oral argument. It finds the record establishes [plaintiff] offered a number of

expert witnesses and proofs to illustrate the application met the requirements for d(1) variance relief. This court finds the record contains insufficient proofs to support the Board's findings. There was no corroboration in the record for the Board's assertions that the illumination impact of the surrounding area would be greater, that there was a potentially large negative impact on the residential areas or the cemetery land, that there would be an increase in traffic and that it would [be] more dangerous for drivers. Moreover, [plaintiff] provided considerable evidence demonstrating how the application met the positive and negative criteria under [Medici v. BPR Co., 107 N.J. 1, 4 (1987)]. While this court must apply a deferential standard of review, it finds the weight of the evidence overwhelmingly supports a grant of the use variance and the decision of the Board was arbitrary, capricious, and unreasonable.

Lastly, we are cognizant that our Supreme Court recently addressed the constitutionality of LED billboards in E & J Equities, Ltd. Liab. Co. v. Bd. of Adjustment of the Twp. of Franklin, 226 N.J. 549 (2016). However, we do not address the constitutionality of Union Township's ordinance because neither party raised the issue before us.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-3760-15T1